IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELENE GLANTZ, both individually and as the Administratrix of the ESTATE OF ELLIOT K. GLANTZ<br>　　　　Plaintiff<br>　　v.<br>MONTGOMERY COUNTY, ET AL.<br>　　　　Defendants | Docket No.: 2:22-cv-03868<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER APPROVING
SETTLEMENT AND DISTRIBUTION**

AND NOW, upon consideration of the Petition for Approval of Settlement and Distribution of Wrongful Death and Survival Actions pursuant to Pa. R.C.P. 2206 and 20 Pa. C.S. § 3323(a), it is hereby ORDERED that the proposed settlement is APPROVED. It is further ORDERED that settlement proceeds in the amount of [REDACTED] Dollars shall be paid by and distributed as follows:

Payment shall be made as follows:

| | | | |
|---|---|---|---|
| A. | From: | Montgomery County: | $1,000,000.00 |
| B. | From: | PrimeCare Medical: | [REDACTED] |

Payment shall be distributed as follows:

| | | | |
|---|---|---|---|
| A. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C.<br>Reimbursement of Costs | $15,592.74 |
| B. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C.<br>Counsel Fees 40% | $760,000.00 |

C.     WRONGFUL DEATH CLAIM (75% of net $1,124,407.26)
(Pursuant to 42 Pa. C.S.A. §8301) – $843,305.44

       To:    Delene Glantz (mother)            $421,652.72
               Mark Gardner (father)             $421,652.72

D.     SURVIVAL CLAIM (25% of net $1,124,407.26)
(Pursuant to 42 Pa. C.S.A. §8302) – $281,101.82

       To:    Delene Glantz, Administratrix of the
               Estate of Elliot K. Glantz

BY THE COURT:

_____
HON. KELLEY B. HODGE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELENE GLANTZ, both individually and as the Administratrix of the ESTATE OF ELLIOT K. GLANTZ<br>                    Plaintiff<br>          v.<br><br>MONTGOMERY COUNTY, ET AL.<br><br>                    Defendants | :<br>:<br>:   Docket No.: 2:22-cv-03868<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>: |

**PETITION FOR APPROVAL OF SETTLEMENT AND
DISTRIBUTION OF WRONGFUL DEATH AND SURVIVAL ACTIONS**

TO THE HONORABLE KELLEY B. HODGE:

Pursuant to Pa. R.C.P. 2206(b)(1), the Petition of Delene Glantz, both individually and as the Administratrix of the Estate of Elliot K. Glantz, deceased ("Plaintiff's Decedent"), by her attorneys, respectfully requests:

1.    Petitioner seeks approval of the settlement and distribution proceeds from Full and Final Releases ("Settlement Agreements") reached with certain Defendants prior to trial of this civil rights, medical malpractice, wrongful death, and survival action. A true and correct copy of the Settlement Agreement reached with Defendant Montgomery County and its Defendant employees Sean Smith, Tony Shade, Riley Sinner, Joseph Bellissimo, Joshua Subramani (collectively "Montgomery County") is attached hereto as Exhibit "A" and a true and correct copy of the Confidential Settlement Agreement reached with Defendant PrimeCare Medical, Inc. is attached hereto as Exhibit "B".[1]

---

[1] Two weeks before executing the PrimeCare Release, Plaintiff agreed to dismiss with prejudice her claims against Marisa Friedman, Psy.D. and Emily Scordellis, Psy.D.

2. All parties to the settlement have reviewed the instant Petition and proposed Order and have no objection. *See* Declaration of Todd A. Schoenhaus, Esquire, attached as Exhibit "C," attesting that the proposed Order and Petition have been disclosed to all parties and are uncontested.

3. Plaintiff's Decedent had no wife, child, or will, and was survived by only his parents, Delene Glantz (Petitioner) and Mark Gardner. There are no other wrongful death beneficiaries.

4. Petitioner, the mother of Plaintiff's Decedent, was granted Letters of Administration by the Register of Wills of Bucks County, Pennsylvania, on August 15, 2022. A true and correct copy of the Short Certificate is attached as Exhibit "D."

5. This action was brought by Petitioner on behalf of the Estate of Elliot K. Glantz (d/o/b: July 14, 1990). Plaintiff's Decedent died on September 29, 2020, by hanging himself at Montgomery County Correctional Facility ("MCCF") at the age of 30.

6. By way of background, Plaintiff's Decedent's had long suffered from mental health problems, including anxiety, depression, drug and alcohol abuse, bipolarism, involuntary psychiatric commitments, and multiple suicide attempts. In the days following his arrival at MCCF on September 5, 2020, Plaintiff's Decedent was noted to be non-complaint with detoxification medications and suffering from mood swings, racing thoughts, sleeplessness, and anxiety. On September 16th, he was evaluated by Marisa Friedman, Psy.D., who noted his aforementioned suicide risk factors, assessed an unspecified mood disorder, and referred him for a psychiatry appointment on September 28th with a follow up mental health appointment on October 1st (said note approved and co-signed by Dr. Scordellis). However, he was not taken to see the psychiatrist on September 28th as scheduled, and he was neither administered psychotropic

medications nor placed on any suicide watch or psychiatric observation status. Rather, with the Officer Defendants failing to observe Glantz for extended periods of time during the early morning hours on September 29, he created a noose by tying his bedsheet to his bed frame and hung himself. He was pronounced dead by hanging shortly before 7 a.m., and obvious lividity was noted, plausibly indicating that he had hung himself some hours earlier.

7. Petitioner filed a Praecipe to Issue Writ of Summons in the Montgomery County Court of Common Pleas on February 26, 2021, and then pursued substantial pre-Complaint discovery. Ultimately, Petitioner commenced this action in this Court on September 28, 2022, by filing a 110 paragraph Complaint against Montgomery County and PrimeCare, along with numerous employees of both. The Complaint asserted claims for Wrongful Death and Survival against all Defendants, a *Monell* claim (pattern and practice/failure to train) against Montgomery County and PrimeCare, and a medical negligence claim against PrimeCare and two of its psychologists.

8. Investigation, preparation, and litigation of this case was intensive and extensive, involving three attorneys, a paralegal, and support staff.

9. Both the County Defendants and the PrimeCare Defendants filed a motion to dismiss, which Petitioner successfully opposed, in part. However, based upon evidence obtained during discovery, Plaintiff intended to file a Motion for Leave to file an Amended Complaint to reinitiate Plaintiff's claims against certain dismissed Defendants, which Plaintiff's counsel had strong reason to believe would be granted based upon the record evidence.

10. Petitioner's counsel retained and consulted with well-qualified experts in the fields of psychiatry, jail operations, and forensic pathology.

11. Throughout the litigation, Defendants strongly contested all elements of Petitioner's claims. In addition to extensive paper discovery, Petitioner's counsel took 6 depositions, with several other depositions noticed and scheduled to take place after the proposed settlement was reached.

12. On May 8, 2025, and May 19, 2025, the parties conducted multi-hour settlement conferences with the Honorable Craig M. Straw, Magistrate Judge. On May 19, 2025, at approximately 6:30 pm, Petitioner reached a global settlement for a total of [REDACTED], consisting of payment from Montgomery County totaling $1,000,000.00 and from PrimeCare totaling [REDACTED] (the terms of settlement with PrimeCare are confidential). This proposed settlement seeks to resolve all claims by and between all parties. *See* Ex. "A" and "B."

13. Besides Petitioner, the only other intestate heir of Plaintiff's Decedent is Mark Gardner, who has been served a copy of this Petition at 1275 Baker Road, Lot 129B, Virginia Beach, VA 23455.

14. The Pennsylvania Department of Human Services ("DHS") is not asserting a lien against the estate of Plaintiff's Decedent. *See* a copy of the correspondence from DHS of May 28, 2025, attached as Exhibit "E."

15. The Centers for Medicaid and Medicare ("CFMM") does not have a lien against Plaintiff's Decedent's estate. *See* a copy of the correspondence from CFMM June 3, 2025, attached as Exhibit "F."

16. Petitioner's counsel is of the professional opinion that the settlement is fair and reasonable. Plaintiff's Decedent had a history of suicidal ideations and attempts, was incarcerated on and off throughout much of his adult life, and lacked a notable work history, higher education, and non-parent beneficiaries. Petitioner, too, believes that the proposed settlement and distribution

4

of wrongful death and survival action proceeds, including attorneys' fees and reimbursement of costs set forth herein, is fair and reasonable. *See* Petitioner's Declaration, attached as Exhibit "G."

17. The undersigned have incurred expenses in connection with the prosecution of this contested matter and for which they seek reimbursement. These itemized expenses total $15,592.74, which includes costs for investigation, court filings, medical records, depositions, and expert witnesses. *See* itemized list of expenses, attached as Exhibit "H."

18. Counsel also requests fees in the amount of $760,000.00 representing a 40% contingent fee to which Petitioner agreed at the start of the representation. *See* Contingent Fee Agreement, attached as Exhibit "I." In addition to Petitioner's agreement with this fee as reflected in her attached Declaration, the requested fee is reasonable in light of the extensive preparation necessary to secure a resolution of this case, from initial investigation, through comprehensive legal research, pleadings (including briefing the motions to dismiss), expert consultation, voluminous discovery, motion practice, depositions, preparation for and attendance at multiple settlement conferences, and settlement. The sole wrongful death beneficiaries, moreover, are the non-minor parents of Plaintiff's Decedent.

19. Under Pennsylvania law, two separate actions exist that allow for recovery for conduct which causes the death of another. "The two actions allow two separate and distinct recoveries. An action for wrongful death compensates losses sustained by living individuals as a result of the decedent's death. A survival action, on the other hand, is brought by the decedent's personal representative seeking to recover those damages the decedent could have recovered had he or she survived; any recovery passes through the decedent's estate." *Huda v. Kirk*, 551 A.2d 637, 638–39 (Pa. Cmwlth. 1988) (internal citations omitted).

20. The survival action is codified at 42 Pa. C.S.A. § 8302 ("Survival Act"). The Survival Act allows all causes of action, real or personal, to survive the death of the deceased. 42 Pa. C.S.A. § 8302. Damages in an action brought under the Survival Act include pre-death pain and suffering and loss of earnings.

21. The proceeds of an action under the Survival Act are an asset of the estate of the decedent. *Huda*, 551 A.2d at 639. Unlike the proceeds under the Wrongful Death Act, therefore, the distribution of proceeds under the Survival Act go through to the estate of the decedent. Thus, when the decedent did not have a will, distribution is made pursuant to Pennsylvania's intestacy statute, 20 Pa.C.S. § 2103, *et. seq.*

22. Under Pennsylvania law, specifically 42 Pa.C.S.A. § 8301 ("Wrongful Death Act"), certain enumerated relatives may be compensated for the loss of a loved one. The purpose of the Wrongful Death Act is to compensate these relatives of the deceased for the pecuniary loss occasioned to them through the death of the decedent. *Hodge v. Loveland*, 690 A.2d 243, 245–46 (Pa. Super. 1997).

23. Damages under the Wrongful Death Act include funeral expenses, medical expenses, economic (services and contributions) and emotional loss (loss of comfort and society). 42 Pa. C.S.A. § 8301.

24. Petitioner and her counsel believe that apportionment of the settlement into 75% wrongful death damages and 25% survival damages is fair and reasonable. Petitioner suffered a profound and devastating loss upon the death of her son, with whom she was very close. Petitioner testified that she routinely communicated with and supported Plaintiff's Decedent throughout his incarcerations. She discussed having Plaintiff's Decedent move to Virginia, where she lived and could keep an eye on him. She looked forward to grandchildren through Plaintiff's Decedent. She

6

has been profoundly impacted by his suicide nearly five years ago. Petitioner wears jewelry containing her son's picture and ashes as a constant reminder and testified that she has not been herself since losing her son years ago: "My life ain't complete without my son, period." Mark Gardner, the father of Plaintiff's Decedent, was also close to their son, especially later in life. He was there in good times and bad, spoke to Plaintiff's Decedent routinely, and also planned for a reunion.

25. Whereas wrongful death damages for the lost love and companionship that Plaintiff's Decedent would have provided during his lifetime are significant, survival damages were very limited. Not only had he lost consciousness within minutes if not sooner of hanging himself, but his lost earnings were so speculative given his work and educational background that Petitioner was not seeking lost earnings damages at trial.

26. A copy of this Petition was forwarded to the Pennsylvania Department of Revenue, which has approved the breakdown between wrongful death and survival (75% wrongful death and 25% survival). *See* Pennsylvania Department of Revenue approval letter, attached as Exhibit "J".

27. Therefore, Petitioner requests allocation of the net proceeds of the settlement, after deduction of costs and attorneys' fees, as follows:

| | | | |
|---|---|---|---|
| A. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Reimbursement of Costs | $15,592.74 |
| B. | To: | Eisenberg, Rothweiler Winkler, Eisenberg & Jeck, P.C. Counsel Fees 40% | $760,000.00 |

    C.      WRONGFUL DEATH CLAIM (75% of net $1,124,407.26)
(Pursuant to 42 Pa. C.S.A. §8301) – $843,305.44

| To: | | |
|---|---|---|
| | Delene Glantz (mother) | $421,652.72 |
| | Mark Gardner (father) | $421,652.72 |

    D.      SURVIVAL CLAIM  (25% of net $1,124,407.26)
(Pursuant to 42 Pa. C.S.A. §8302) – $281,101.82

To: Delene Glantz, Administratrix of the
Estate of Elliot K. Glantz

WHEREFORE, Petitioner requests that this Honorable Court enter the attached proposed Order.

Respectfully submitted,

Eisenberg, Rothweiler
Winkler, Eisenberg & Jeck, P.C.

BY: s/ Todd A. Schoenhaus
Nancy J. Winkler, Esquire
Todd A. Schoenhaus, Esquire
Jordan Schlossberg, Esquire
Attorneys for Plaintiff

Date: July 1, 2025

## **CERTIFICATE OF SERVICE**

I, Todd A. Schoenhaus, attorney for Plaintiff, hereby certify and state a true and correct copy of the foregoing Petition for Approval and Distribution of Wrongful Death and Survival Actions was sent via electronic filing to all counsel of record.

                                          EISENBERG, ROTHWEILER,
                                        WINKLER, EISENBERG & JECK, P.C.

                      By:    *s/Todd A. Schoenhaus*
                                 Nancy J. Winkler, Esquire
                                 Todd A. Schoenhaus, Esquire
                                 Jordan Schlossberg, Esquire
                                 Attorneys for Plaintiff

DATE: July 1, 2025